UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GERALD MARICHAL,

                      Plaintiff,

    -against-

P.O. RYAN T. MAHON, individually, and
DET. DANIEL P. CONCANNON,
individually,

                      Defendants.
-----------------------------------------------------------X

Docket No: 26-cv-42

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, GERALD MARICHAL ("Plaintiff" or "Gerald"), by his attorneys, HARFENIST KRAUT & PERLSTEIN, LLP, as and for a complaint, allege as follows:

### NATURE OF THE ACTION

1. This is an action seeking recovery for deprivation of Plaintiff's civil rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution committed by P.O. Ryan T. Mahon ("Mahon") and Det. Daniel P. Concannon ("Concannon").

2. The Plaintiff bases this action upon his illegal seizure and prosecution by Mahon and other members of the Nassau County Police Department ("NCPD") on July 18, 2024, the execution of a Felony Complaint by Concannon for criminal sale of a controlled substance in the first degree and criminal possession of a

1

controlled substance in the third degree which was fueled by the false and malicious statements of Concannon.

3. All charges against the Plaintiff were dismissed on January 23, 2025, in furtherance of justice pursuant to CPL § 170.40.

## JURISDICTION

4. Jurisdiction is proper in this Court pursuant to 28 USC §1331, 28 USC §1343 and 42 USC §1983 in that the actions taken by the municipal defendants violated the Plaintiff's civil rights.

## VENUE

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since the Plaintiff was seized Nassau County and prosecuted in Mineola, both of which are located in the Eastern District of New York.

## PARTIES

6. Plaintiff is a resident of the State of New York, residing in the County of Nassau.

7. Mahon who is being sued in his individual capacity, is a Police Officer employed by the NCPD. Upon information and belief, at all relevant times described herein, Mahon was acting under color of state law within the scope of his employment with the NCPD.

2

8. Concannon who is being sued in his individual capacity, is a Police Officer employed by the NCPD. Upon information and belief, at all relevant times described herein, Concannon was acting under color of state law within the scope of his employment with the NCPD.

## STATEMENT OF FACTS

9. On or about July 18, 2024, Plaintiff was arrested by Defendants Mahon and Concannon based on an accusation made by a confidential informant.

10. The Plaintiff was arraigned on or about July 19, 2024.

11. The arrest was predicated on information provided by a confidential informant, whose identity is known to the Defendants but not to the Plaintiff.

12. The informant alleged that Plaintiff was involved in the sale of cocaine on May 9, 2024, and provided a phone recording purportedly capturing Plaintiff's voice.

13. The recording was reviewed by the arresting officers, but it was clear that the voice on the recording did not match Plaintiff's voice.

14. Despite the discrepancy, the arresting officers utterly failed to investigate the allegations and Plaintiff was arrested and charged with drug-related offenses.

15. The informant was unreliable and the arresting officers should have obtained corroborating evidence supporting the informant's allegations regarding the Plaintiff.

16. Had the arresting officers sought corroborating evidence, they would have discovered none existed as the individual on the recorded phone call was not the Plaintiff.

17. Based on a totality of the circumstances, Defendants Mahon and Concannon lacked probable cause to arrest the Plaintiff.

18. The arresting officers had no reason to rely on the informant as the informant was not trustworthy and his statements lacked reliability and veracity. At the time of the arrest the Plaintiff was at work and was removed from his job.

19. Plaintiff was detained until the District Attorney reviewed the case and heard Plaintiff's actual voice, leading to the dismissal of all charges on January 23, 2025, after appearing for five Court appearances.

20. As a result of the false arrest, Plaintiff suffered emotional distress, reputational harm, was terminated by his employer, lost specific performance bonuses at his prior place of employment due to his termination, and other damages.

## AS AND FOR A FIRST CAUSE OF ACTION
## FALSE ARREST IN VIOLATION OF PLAINTIFF'S
## FOURTH AND FOURTEENTH AMENDMENT RIGHTS

21. Plaintiff repeats, realleges and reiterates the allegations in the preceding paragraphs as if more fully set forth herein.

22. At the time of his arrest, the Plaintiff was at work and was forcibly removed from his place of employment.

23. On July 18 and 19, 2024, Plaintiff was intentionally detained by the Defendants.

24. In detaining, Defendants Mahon and Concannon were acting under color of state law and within the scope of their employment by the NCPD.

25. Plaintiff was aware of his detention.

26. Plaintiff did not consent to being detained.

27. Plaintiff's detention was not privileged as Mahon and Concannon did not have probable cause to believe that Plaintiff had violated New York Penal Law § 220.43 and § 220.16.

28. Mahon and Concannon had no probable cause that Gerald sold cocaine on May 9, 2024, since the telephone recording they heard was a different individual and the confidential informant they relied on lacked trustworthiness and veracity since no corroborating evidence exists that the Plaintiff was on the telephone call or participated in the transaction.

29. Upon information and belief, the confidential informant had never provided reliable information to law enforcement in the past.

30. As a result of Plaintiff's illegal detention, Plaintiff's Fourth and Fourteenth Amendment rights were violated.

31. As a proximate result of Defendants' intentional and malicious false arrest, Plaintiff suffered emotional distress, reputational harm, was terminated by his employer, lost specific performance bonuses at his prior place of employment due to his termination, causing damages in an amount to be proved at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS

32. Plaintiff repeats, realleges and reiterates the allegations in the preceding paragraphs as if more fully set forth herein.

33. In swearing to the Felony Complaint, Concannon participated in the commencement of a criminal prosecution against Plaintiff.

34. As a result of the commencement of the criminal prosecution, Plaintiff was required to spend considerable sums to defend the baseless criminal charges before they were dismissed and also lost his job due to the allegations.

35. Concannon lacked probable cause to believe that Plaintiff committed any criminal act under New York Penal Law § 220.43 and § 220.16 as alleged in the Felony Complaint.

36. The lack of probable cause generally creates an inference of malice under Second Circuit case law.

37. The dismissal of the charges constitutes a favorable determination.

38. As a proximate result of the malicious prosecution, Plaintiff's Fourth and Fourteenth Amendment rights were violated.

39. As a proximate result of Concannon's intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands the following relief:

    a. For compensatory damages against all defendants in an amount to be proved at trial, but no less than TWO MILLION DOLLARS ($2,000,000.00).

    b. For exemplary and punitive damages against all defendants in an amount to be proved at trial.

      c.    For attorney's fees pursuant to 42 U.S.C. §1988 against all defendants.

      d.    For such other and further relief as this Court may deem just and proper.

Dated: Lake Success, New York
         January 5, 2026

         HARFENIST KRAUT & PERLSTEIN, LLP

By:    *Steven J. Harfenist*
      Steven J. Harfenist
      *Attorneys for Plaintiff*
      3000 Marcus Avenue, Suite 2E1
      Lake Success, New York 11042
      T: (516) 355-9600
      F: (516) 355-9601
      E: SHarfenist@hkplaw.com